United States District Court
Southern District of Texas

**ENTERED**

April 13, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MOHAMMED ABUSHANAB, | § | |
| | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:25-5340 |
| | § | |
| WARDEN MARTIN L. FRINK, *et al.* | § | |
| | § | |
| Respondents. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Petitioner Mohammed Abushanab, a detainee in the custody of Immigration and Customs Enforcement (ICE), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Dkt. 1).  The petitioner argues his detention in excess of six months violates his due-process rights as held in *Zadvydas v. Davis*, 533 U.S. 678 (2001).  The federal respondents filed a motion for summary judgment (Dkt. 11), which the warden joined (Dkt. 16), and the petitioner filed a response (Dkt. 17). Having reviewed the petition, the briefing and exhibits, the applicable law, and all matters of record, the Court concludes that the respondents' motion for summary judgment should be **denied** and that habeas relief should be **granted**.  The Court's reasons are explained below.

## I.    <u>BACKGROUND</u>

Abushanab is a native of Palestine and is legally stateless (Dkt. 1, at 2; Dkt. 11-1, at 3).  ICE's online records list his nationality as Israeli. *See* Online Detainee Locator System, Immigration and Customs Enforcement, available at https://locator.ice.gov/odls/#/search

(last visited Apr. 10, 2026).  The petitioner states that, because he is a Palestinian, Muslim male, both Israeli military and Palestinian authorities severely harassed him throughout his life and that, since October 2023, he was in constant fear (Dkt. 1, at 4-5).

Abushanab fled to the United States and entered without inspection on or about July 11, 2024.  He was placed in removal proceedings and filed applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).  On February 3, 2025, an immigration judge (IJ) granted withholding of removal and CAT protection based on past persecution and the risk of future persecution.  The IJ found him ineligible for political asylum based on the "lawful pathways condition" (*id*. at 5-6; Dkt. 11-1, at 4). The IJ's order was administratively final on March 5, 2025 (Dkt. 1, at 6). He has been detained over 13 months since his removal order was final.

The respondents do not dispute that Abushanab cannot be removed to Palestine, based on the IJ's order, but state that he can be removed to a third country.   The petitioner states that, from March through May 2025, officials required him to complete travel documents for Jordan, Canada, and Mexico, and that he complied with their requests (*id*. at 8).  Officials have told him there is a possibility of removal to Israel, despite the IJ's finding that he faces a risk of further persecution (*id*). He states that officials conducted a 90-day Post Order Custody Review and, after the review, his detention officer told him that he would remain detained (*id*. at 7).  On August 5, 2025, officials conducted a 180-day review and, in September, his deportation officer again informed him that he would remain detained (*id*. at 7-8).  The declaration presented by the respondents does not address the post-order custody reviews or any requests for travel documents.

Abushanab has requested release several times, stating to immigration officials that he has no criminal history, poses no threat to public safety, has strong community ties, and is willing to comply with supervision requirements, and has a stable residence available with his sponsor, who is a United States citizen and retired United States Army veteran (*id.*). He brings habeas claims under 8 U.S.C. § 1231 and the Due Process Clause of the Fifth Amendment and seeks immediate release, among other relief. He has filed supplements to his petition (Dkt. 19; Dkt. 20) reiterating that his removal is not significantly likely in the reasonably foreseeable future.

## II.   LEGAL STANDARDS

The respondents seek summary judgment. Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Curtis v. Anthony,* 710 F.3d 587, 594 (5th Cir. 2013). Once the movant presents a properly supported motion for summary judgment, the burden shifts to the nonmovant to show with significant probative evidence the existence of a genuine issue of material fact. *Hamilton v. Segue Software Inc.*, 232 F.3d 473, 477 (5th Cir. 2000). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Id*. "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Id*. The nonmoving party must present specific facts which show "the existence of a genuine issue concerning every essential component of its case." *Firman v. Life Ins. Co. of N. Am.*, 684 F.3d 533, 538 (5th Cir. 2012) (cleaned up).

3 / 8

In deciding a summary judgment motion, the reviewing court must "construe all facts and inferences in the light most favorable to the nonmoving party." *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010) (cleaned up). A plaintiff's statements may be sufficient to demonstrate a genuine issue of material fact. *See Bourne v. Gunnels*, 921 F.3d 484, 492-93 (5th Cir. 2019). However, the non-movant cannot avoid summary judgment simply by presenting "conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation." *Jones v. Lowndes Cnty.*, 678 F.3d 344, 348 (5th Cir. 2012) (cleaned up); *see Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). Rather, "[s]elf-serving affidavits and declarations, like all summary judgment evidence, must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." *Guzman v. Allstate Assurance Co.*, 18 F.4th 157, 161 (5th Cir. 2021) (cleaned up) (citing FED. R. CIV. P. 56(c)(4)).

## III.    ANALYSIS

Abushanab seeks habeas relief from his extended detention under 28 U.S.C. § 2241 and § 2243, bringing claims under the Due Process Clause of the Fifth Amendment and 8 U.S.C. § 1231(a)(6).

The detention of non-citizens who are under a final order of removal is governed by 8 U.S.C. §1231. The statute provides that, in general, "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). The

Attorney General has discretion to extend detention "beyond the removal period" in some cases:

> An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6). The declaration presented by the respondents states that Abushanab is removable under 8 U.S.C. §1182(a)(6)(A)(i) (Dkt. 11-1, at 3).

The Due Process Clause of the Fifth Amendment protects the liberty interest of all persons within the United States, including non-citizens. *Zadvydas*, 533 U.S. at 693. In *Zadvydas*, the Supreme Court considered the detention of a non-citizen with a criminal record. Although an immigration judge had ordered Zadvydas deported to Germany, Germany would not accept him, and his detention was extended beyond the 90-day removal period authorized by 8 U.S.C. § 1231(a)(6). While noting that § 1231(a)(6) authorizes the Attorney General to detain a removable alien beyond the removal period, the Supreme Court held that indefinite detention, or detention for more than "reasonably necessary to secure the alien's removal," violates the Due Process Clause. *Id.* at 682. The Court instructed that, when a habeas court decides a *Zadvydas* challenge, the court "should hold continued detention unreasonable and no longer authorized by statute" if removal "is not reasonably foreseeable." *Id.* at 699-700. The Court further determined that detention for "more than six months" is presumptively unreasonable. *Id.* at 701. Under *Zadvydas*'s burden-shifting framework, a petitioner seeking habeas relief has the initial burden to show

5 / 8

"good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future" after six months have elapsed. *Id.* If the petitioner makes this showing, the burden shifts to the respondents to rebut the showing. *Id.*

Abushanab claims that his continued detention violates *Zadvydas.* He states that he has been detained well over six months, is stateless, and has been granted withholding of removal to Palestine. He also alleges that the respondents have not obtained travel documents for him for any country, despite his compliance with all requests to complete paperwork for issuance of the documents. These pleaded facts are not conclusory or speculative and satisfy his burden to demonstrate a good reason to believe that his removal is not likely in the reasonably foreseeable future.

The burden thus shifts to the respondents to rebut the petitioner's showing. The respondents rely on the fact that the order withholding Abushanab's removal to Palestine does not prevent his removal to a third country, citing the petitioner's statement that ICE officials "attempted" to remove him to Jordan, Canada, and Mexico (Dkt. 11, at 5). The Court notes that the respondents do not assert or demonstrate that the requests for travel documents completed by the petitioner were actually submitted to any third country and, moreover, that the declaration supporting their motion does not address travel documents or third-country removal. In any event, even if the Court were to assume that the respondents actually submitted the travel document requests to a third country, such a showing would be insufficient to meet the respondents' burden. A good faith effort by the respondents to carry out a removal does not satisfy their burden under *Zadvydas*. *See Zadvydas*, 533 U.S. at 702 (reversing holding that relied in part on the respondents' good

faith efforts to deport Zadvydas). Rather, the respondents must show a significant likelihood of removal in the reasonably foreseeable future.  Because the respondents do not present evidence supporting the likelihood of removal to any country, they fail to rebut the petitioner's showing.

Although the respondents have authority to enforce the order to remove Abushanab, they may not detain him indefinitely while attempting to carry out his removal. Therefore, habeas relief will be granted.

The petitioner requests injunctive relief from potential, future third-country removals (Dkt. 1, at 15). The Court does not reach this issue because is distinct from the petitioner's claims for habeas relief in this case, which challenge the legality of his current, prolonged detention.

## IV.   <u>CONCLUSION</u>

For the reasons stated above, the Court **ORDERS** as follows:

1. The respondents' motion for summary judgment (Dkt. 11) is **DENIED**.

2. Abushanab's petition for a writ of habeas corpus (Dkt. 1) is **GRANTED**.

3. The respondents are **ORDERED** to **RELEASE** the petitioner from custody to a public place **<u>within 48 hours</u>** of this order.  The petitioner's release is subject to 8 U.S.C. § 1231(a)(3) and 8 C.F.R. § 241.5.

4. The respondents are further **ORDERED** to inform the petitioner and petitioner's counsel of the time and location of release **at least three hours before the release**.

5. The respondents are further **ORDERED** to return to the petitioner, at the time of his release from custody, any and all identification documents taken from him at the time of or during his detention.

6. Any possible or anticipated removal or transfer of the petitioner under this present detention is **PROHIBITED** and **ENJOINED.**

7. The respondents are further **ORDERED** to file a status report updating the Court **within 72 hours** of this order.

8. All other pending motions, if any, are **DENIED** as moot.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on _____April 13_____, 2026.


_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE